IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

United States of America,  )
)
)
v.  )  1:10cr77 (LMB)
)
)
Robert John Bruffy,  )
Defendant.  )

FILED JUN 30 2010
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

## MEMORANDUM OPINION

After a bench trial consisting of a stipulated statement of facts and oral argument by counsel, Robert John Bruffy was found guilty of knowingly failing to register as required by the Sex Offender Registration and Notification Act ("SORNA") in violation of 18 U.S.C. § 2250(a). This memorandum opinion sets out the conclusions of law supporting the conviction.

### I. Factual Background

In 2000, Bruffy was convicted in Maryland of a second degree sex offense, and as a result of that conviction he was required by SORNA to register as a sex offender. Stipulated Facts ("Stip.") at ¶ 2. Since May 2008, Bruffy had been registered in Florida, where he was residing. Id. at ¶ 1. On January 13, 2009, at approximately 8:17AM, Bruffy submitted a Florida Department of Law Enforcement Sexual Predator/Offender Registration Form, informing Florida authorities that he would be leaving the state on that day to establish a new residence. In the space on the form where the city, county, state, and zip code of the new residence were to be listed, Bruffy wrote "Edge Water, Anne-arundel, MD, 21307 (sic)," describing the street address as "Transient." Id. at ¶ 7; Government Exhibit ("Govt. Ex.") 3 at TR20-26.

Earlier on the morning of January 13, 2009, before he submitted the form, Bruffy called John Stec, who lived with his girlfriend, Erica Liller, in the Belle Haven area of Alexandria, Fairfax

County, Virginia. Stip. at ¶¶ 10, 16; Govt. Ex. 3 at TR83-84. He then traveled in interstate commerce from Florida to Virginia, arriving at the Stec residence where he slept on the couch nearly every night from January 13, 2009 to February 5, 2009.[1] Stip. at ¶ 10. While at the Stec apartment, Bruffy showered and prepared and ate food that he had purchased himself, and although he kept his blanket, pillow, and other belongings in his car, he brought them inside each night to sleep in the apartment. Id. Because Bruffy did not have a key to the apartment, he called each day to say that he would be returning that evening to be let into the apartment. Id. Bruffy's name was not added to the lease, he did not pay rent, and he did not receive telephone calls on the home telephone. Id. Liller understood from Stec that Bruffy had called before leaving Florida to ask permission to stay at the Belle Haven apartment. Id. Liller felt that Bruffy was staying with them on a week-by-week basis until he found a job and that he was not moving in with them. Id. The parties stipulated that Bruffy looked for work in Maryland and spoke about moving either to Maryland or Pennsylvania, where his son and sister live. Id.

Following an incident on February 5, 2009, that ultimately resulted in Bruffy pleading nolo contendere in Fairfax County to sexually battering Stec, Bruffy left the Belle Haven apartment. Id. at ¶ 11. From February 5, 2009 to February 15, 2009, Bruffy slept and lived in his car in various locations around the Belle Haven region of Alexandria, Virginia, as well as Washington, D.C. and Maryland. Id. at ¶ 12. Wherever he slept, he returned every day to drive Liller to and from work. Id. For a few of those ten days in February, Bruffy slept in his car in the parking lot of a church located behind Stec and Liller's apartment in Belle Haven. Id. During this time period, Bruffy's cell phone records reflect that for every day except one, his cell phone made and received calls that hit off the cell tower located nearest to Stec and Liller's Virginia apartment. Govt. Ex. 3 at TR119-20. Bruffy was arrested at a Walmart 2.5 miles away from Stec and Liller's apartment on February 15, 2009.

---

[1] Bruffy has an uncle who lives in Waldorf, Maryland, with whom he stayed for a few days after arriving in Virginia. Stip. at ¶ 10a.

2

Stip. at ¶ 15. The following day, Bruffy expressed an interest in moving into a newly-available room in Stec and Liller's apartment. Id. at ¶ 13.

Between his arrival in Virginia on January 13, 2009, and his arrest in Virginia on February 15, 2009, Bruffy did not register as a sex offender in either Maryland or Virginia. Id. at ¶ 9. Moreover, Bruffy failed to notify Florida authorities that he was not, as the form he had filled out indicated, living in Edgewater, Maryland. Id. at ¶ 7. Bruffy knew that he was required to register as a sex offender and he was aware of state and federal registration requirements. Id. at ¶ 3.[2]

On March 11, 2010, Bruffy was indicted in this district for traveling in interstate commerce and knowingly failing to register and update his registration as required by SORNA, in violation of 18 U.S.C. § 2250(a). He moved to dismiss the indictment, claiming it was void for vagueness as applied to him or, alternatively, for failure to allege an offense. The Court denied that motion without prejudice, allowing him to raise the issue at trial. On May 12, 2010, the parties filed a Joint Status Report, informing the Court of their agreement to submit the case to the Court for a bench trial upon a stipulated statement of facts. After the bench trial on May 20, 2010, the Court found Bruffy guilty.

## II. Statute and Registration Requirements

To prove Bruffy guilty of failing to register as a sex offender, the Fourth Circuit requires the government to prove each of three essential elements beyond a reasonable doubt. Specifically, that:

(1) Bruffy is required to register as a sex offender under SORNA;

(2) Bruffy traveled in interstate commerce, as alleged in the indictment; and

(3) Bruffy knowingly failed to register or update his registration as required by SORNA.

---

[2] Specifically, Bruffy knew that he was required under Maryland law to report a change of residence within five days and that he would be subject to criminal punishment for failing to do so, and that Florida law required him to register any change in a permanent or temporary address within 48 hours. Stip. at ¶ 5.

3

See United States v. Gould, 568 F.3d 459, 463 (4th Cir. 2009). The first two elements are clearly established and the parties do not dispute them. It is the third element that is at issue. Specifically, Bruffy argues that SORNA's registration requirements, as applied to transients such as him, are so vague as to render the statute void.

SORNA's registration requirements are set forth in § 16913, which provides in pertinent part:

> (a) In general
>
> A sex offender shall register, and keep the registration current, in each jurisdiction where the offender resides, where the offender is an employee, and where the offender is a student . . .
>
> (c) Keeping the registration current
>
> A sex offender shall, not later than 3 business days after each change of name, residence, employment, or student status, appear in person in at least 1 jurisdiction involved pursuant to subsection (a) of this section and inform that jurisdiction of all changes in the information required for that offender in the sex offender registry.

42 U.S.C. § 16913(a), (c). The Act defines "resides" as "the location of the individual's home or other place where the individual habitually lives." § 16911(13). The Department of Justice has issued guidelines[3] to assist jurisdictions in implementing the Act. The guidelines define "habitually lives" as:

> places in which the sex offender lives with some regularity, and with reference to where the sex offender actually lives, not just in terms of what he would choose to characterize as his home address or place of residence for self-interested reasons. The specific interpretation of this element of "residence" these Guidelines adopt is that a sex offender habitually lives in the relevant sense in any place in which the sex offender lives for at least 30 days. Hence, a sex offender resides in a jurisdiction for purposes of SORNA if the sex offender has a home in the jurisdiction, or if the sex offender lives in the jurisdiction for at least 30 days. Jurisdictions may specify in the manner of their choosing the application of the 30-day

---

[3] As the parties recognize, these guidelines are not binding on the Court. Bruffy tries to use these guidelines as evidence of the vagueness of the term "resides" in SORNA. However, no case law supports that argument and a far more reasonable view of the guidelines is that they serve to assist jurisdictions with implementing SORNA, not to educate offenders in interpreting the meaning of statutory terms.

standard to sex offenders whose presence in the jurisdiction is intermittent but who live in the jurisdiction for 30 days in the aggregate over some longer period of time.

73 Fed. Reg. 38030, 38032.

### III. Discussion

In his trial memorandum, Bruffy argues that 1) SORNA's reporting requirements are unconstitutionally vague as applied to him and other transient offenders; and 2) the evidence is insufficient to prove that he resided in Virginia and was therefore required to register there.

1. Void for vagueness

The government argues in its trial memorandum that SORNA is not unconstitutionally vague as applied to Bruffy because he had fair warning that SORNA required him to register with the state in which he resides and to comply with that state's registration requirements. In addition, the government argues that under Maryland law Bruffy was required to provide information about any change in residence within five days, and that Florida law defined a residence as any place where a person resides for five or more consecutive days. The stipulated facts reflect that Bruffy was aware of these requirements, see Stip. at ¶¶ 4, 5, and thus the statute cannot be unconstitutionally vague as applied to him.

Bruffy's primary argument is that SORNA is unconstitutionally vague because citizens and law enforcement officials lack fair warning of the application of the registration requirements to transient persons. See City of Chicago v. Morales, 527 U.S. 41 (1991) (finding a loitering ordinance to be unconstitutionally vague when it "fail[ed] to give the ordinary citizen adequate notice of what is forbidden and what is permitted"); Kolender v. Lawson, 461 U.S. 352, 358-59 (1982). Specifically, Bruffy argues that SORNA's definition of the term "resides" is ambiguous and the statute does not specify how an offender who leaves a permanent living situation but has not yet secured a new one should proceed.

5

To prevail on a claim that a statute is vague, a defendant must show that the statute fails to give an ordinary person of ordinary intelligence an understanding of the conduct that the statute prohibits. See Skilling v. United States, ___ S. Ct. ___ (2010) (citing Kolender, 461 U.S. at 358-59, when observing that "a penal statute [must] define the criminal offense [1] with sufficient definiteness that ordinary people can understand what conduct is prohibited and [2] in a manner that does not encourage arbitrary and discriminatory enforcement", and also finding that the Supreme Court "must, if possible, construe, not condemn, Congress' enactments."). In Bruffy's case, no evidence suggests that the term "resides" in the statute encourages arbitrary and discriminatory enforcement. Moreover, a transient sex offender of ordinary intelligence, such as Bruffy, would understand that a place where he stays on a regular basis for a period of multiple weeks when he has no other, more permanent place to call home is the place in which he "resides."[4] Even if Bruffy might have been confused as to whether he "resided" for SORNA purposes at the Belle Haven apartment, he certainly had to have known that he resided in Northern Virginia and not in Edgewater, Maryland.

SORNA is not ambiguous with regard to its requirement that offenders accurately alert the appropriate jurisdictions of their location. These jurisdictions include both the one into which an offender enters as well as the one being left. Therefore, SORNA is not unconstitutionally vague as applied to Bruffy and other transient sex offenders.

---

[4] See, e.g., Woods v. Foster, 884 F. Supp. 1169, 1173-74 (N.D. Ill. 1995) (finding a homeless shelter to be a "residence" for the purposes of the Fair Housing Act in the sense that homeless people live there and not at any other place); Bd. of Supervisors of Fairfax County v. Bd. of Zoning Appeals of Fairfax County, 1997 WL 1070562, at *4 (Va. Cir. Ct. April 7, 1997) (finding that children who lived in a group home for no more than two months are considered "residents" of that home for zoning purposes during the time they are there, even though the home is not intended to be a permanent living arrangement).

## 2. Bruffy violated SORNA by failing to update his registration in Florida and by failing to register in Virginia

The indictment charges that Bruffy "knowingly failed to register *and* update a registration as required by the Sex Offender Registration and Notification Act." Indictment, Dkt. #11 (emphasis added). Bruffy clearly violated the statute by failing to update the inaccurate report he filed in Florida as to his whereabouts and by failing to register as a sex offender in Virginia within three days of his arrival within the Commonwealth.

### a. Bruffy failed to update the inaccurate report he filed in Florida

SORNA requires an offender to "register, and keep the registration current, in each jurisdiction where the offender resides . . ." 42 U.S.C. § 16913(a). Additionally, SORNA requires an offender to "not later than 3 business days after each change of name, residence, employment, or student status, appear in person in at least 1 jurisdiction involved pursuant to subsection (a) of this section and inform that jurisdiction of all changes in the information required for that offender in the sex offender registry." § 16913(c). The government asserts that Bruffy violated this part of SORNA when he failed to inform Florida authorities that he was not residing as a transient in Edgewater, Maryland. According to the government, Bruffy can be found guilty of violating SORNA in this regard even if the Court does not find that he "resided" in Virginia, because Bruffy violated the statute by failing to correct his statement to the Florida authorities after he had resided for three days in Virginia. See, e.g., United States v. Miles, 2010 WL 334713, at *3 (M.D. Ala. Jan. 22, 2010) (finding a SORNA violation when an offender left Alabama and traveled to Kansas without updating his registration in Alabama). Bruffy counters that the description he provided to Florida of his future location, namely, "Transient . . . Edge-water, MD", did provide accurate and truthful notice that he was leaving one jurisdiction for another and would be "transient", and thus he did not violate SORNA.

7

Bruffy listed "Transient" in the space on the Florida form where an offender is supposed to list a house number and a street name, however he also listed "Edge Water, MD" as the city and state of his new location. A plain understanding of Bruffy's answers on the form indicates that he was planning to be a transient *in* Edgewater, Maryland. Bruffy violated SORNA when he failed to correct that response in a timely manner to reflect the fact that he was not living in Edgewater, Maryland after all, but was living in the Belle Haven area of Northern Virginia. Courts have found that offenders who relocate and fail to provide any information as to their new whereabouts have violated SORNA. See United States v. Van Buren, 599 F.3d 170, 174-75 (2d Cir. 2010) (finding a SORNA violation when a sex offender moved from New York to North Carolina without providing any information to New York about his new location); Miles, 2010 WL 334713, at *2-3 (moving from Alabama to Kansas without updating Alabama sex offender registration was "a material part of the § 2250 violation" separate and apart from failing to register in Kansas). Similarly, this Court finds that providing false information to the state from which an offender moved is just as serious a violation of SORNA as failing to report that the offender is moving out of the jurisdiction. If SORNA's reporting requirement could be satisfied by providing incorrect information, the statute would have no teeth whatsoever. States have a legitimate interest in possessing accurate information concerning the whereabouts of sex offenders. Although Bruffy should be given some credit for informing the Florida authorities that he was leaving, he nonetheless clearly violated the statute by failing to correct his location with the Florida authorities when he began residing in Northern Virginia rather than Edgewater, Maryland.

### b. Bruffy failed to register as a sex offender in Virginia within three days of his arrival there

SORNA requires a sex offender to "register, and keep the registration current, in each jurisdiction where the offender resides . . ." 42 U.S.C. § 16913(a). SORNA defines "resides" as "the location of the individual's home or other place where the individual habitually lives." § 16911(13).

SORNA further requires that a sex offender "shall, not later than three business days after each change of name, residence, employment, or student status, appear in person in at least one jurisdiction involved pursuant to subsection (a) and inform that jurisdiction of all changes in the information required for that offender in the sex offender registry." § 16913(c). Virginia law provides that "all persons required to register shall register within three days of establishing a residence in the Commonwealth." Va. Code Ann. § 9.1-905. The government asserts that Bruffy violated SORNA by failing to register as a sex offender in Virginia after he began to reside in Belle Haven, Virginia, on January 13, 2009, which lasted until Bruffy's arrest on February 15, 2009. Bruffy contends that he neither had a "home" in Virginia nor "habitually lived" in Virginia, and therefore did not "reside" in Virginia and could not have violated SORNA by failing to register timely as a sex offender in Virginia. In support of his argument that his living arrangements in Belle Haven were temporary, Bruffy stresses that he carried his belongings to and from Stec's apartment, did not have a key to the apartment, and was not listed on the lease.

Although Bruffy was essentially living out of his car, that fact in and of itself does not mean that Bruffy had not established a residence in Belle Haven, Virginia. See United States v. Venturella, 391 F.3d 120, 125, 134 (2nd Cir. 2004) (defining "resides" as "the act or fact of living in a given place for some time"). As discussed previously, by an ordinary person's understanding, Bruffy clearly "resided" in Belle Haven in that he lived there habitually. For weeks, he returned at the end of the day to Belle Haven. He slept either in the Belle Haven apartment or in his car which was parked in Belle Haven. He prepared his meals in Belle Haven. The evidence therefore clearly establishes that Bruffy "habitually lived" in the Belle Haven area of Fairfax County for the period of time at issue. Lastly, one day after he was arrested in Virginia, Bruffy indicated an intent to remain in Virginia when he asked Stec and Liller if he could move into a room in their apartment. The amount of time Bruffy spent in Virginia and Bruffy's post-arrest statement that he wanted to

move into a spare room in Stec and Liller's Belle Haven apartment establish that his intent was to reside in Virginia. Therefore, by failing to register in Virginia within three days of beginning to reside in Virginia, Bruffy violated SORNA.

3. Venue

Because Bruffy violated SORNA by failing to update his registration after moving to and residing in Fairfax County, Virginia, his offense was concluded here. This creates a clear nexus to this jurisdiction and establishes venue in this district. 18 U.S.C. § 3237(a) ("[A]ny offense . . . begun in one district and completed in another . . . may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed."). Moreover, a SORNA violation is a continuing offense because it involves an element of interstate travel. Therefore, his failure to register in Virginia establishes venue here.

IV. Conclusion

For the reasons stated above, the Court found Bruffy guilty of failing to register as a sex offender as required by SORNA.

/s/ _____ 6/30/10
Leonie M. Brinkema
United States District Judge